```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x
                               :
UNITED STATES OF AMERICA       :
                               :
       - v. -                  :    SEALED INFORMATION
                               :
JOSEPH KRIGSFIELD,             :    19 Cr. __ ( )
                               :
              Defendant.       :    19 CRIM 068
                               :
- - - - - - - - - - - - - - - x
```

COUNT ONE
(Conspiracy to Commit Securities Fraud and Wire Fraud)

The United States Attorney charges:

**Relevant Individuals and Entities**

1. At all times relevant to this Information, a company known as Aberon Capital Management LLC ("Aberon") purported to be an investment advisor to Aberon Capital Master Fund ("ACMF"), a Cayman islands limited partnership that purported to operate as a hedge fund with a number of contributing on and off shore feeder funds. Aberon was headquartered and operated from locations in New York, New York.

2. At all times relevant to this Information, JOSEPH KRIGSFIELD, the defendant, served as a managing member of Aberon and, together with another managing member of Aberon ("Individual-1"), controlled ACMF.

**The Scheme to Defraud**

3. From at least in or about 2010 up to and including in or about 2014, JOSEPH KRIGSFIELD, the defendant, working together

with Individual-1, raised approximately $20 million from investors by falsely representing to them that the investments made through ACMF were accumulating capital gains. In truth and in fact, the investment of those investors' funds had either not taken place or had actually resulted in substantial losses. Notwithstanding those losses, KRIGSFIELD and Individual-1 drew down on funds provided by the investors to pay KRIGSFIELD, Individual-1, and Aberon.

### Statutory Allegations

4. From at least in or about 2010 up to and including in or about 2014, in the Southern District of New York and elsewhere, JOSEPH KRIGSFIELD, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate and agree together and with each other to commit offenses against the United States, to wit, securities fraud, in violation of Title 15, United States Code, Sections 78j(b) & 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5, and wire fraud, in violation of Title 18, United States Code, Section 1343.

5. It was a part and object of the conspiracy that JOSEPH KRIGSFIELD, the defendant, and others known and unknown, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails, and of the facilities of national securities exchanges, would and did use and employ, in connection with the purchase and sale of securities,

manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, in violation of Title 15, United States Code, Sections 78j(b) and 78ff.

6. It was a further part and object of the conspiracy that JOSEPH KRIGSFIELD, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

**Overt Acts**

7. In furtherance of the conspiracy and to effect its illegal objects, JOSEPH KRIGSFIELD, the defendant, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

  a. In or about January 2012, KRIGSFIELD provided a net asset valuation statement to a representative of an investor ("Investor-1"). The net asset valuation statement falsely represented that the total valuation of Investor-1's holdings in ACMF was approximately $18 million as of December 30, 2011, when in fact, the ACMF brokerage account valuation was approximately $7 million as of December 30, 2011.

  b. On or about March 23, 2013, KRIGSFIELD sent an email to an investor ("Investor-2") in which he falsely represented that Investor-2's investment through ACMF earned a "net cumulative 20.3% return since inception," when in fact, KRIGSFIELD never invested Investor-2's funds, and no returns had been realized on Investor-2's funds.

  c. On or about January 30, 2014, KRIGSFIELD sent an email directing the bank managing an Aberon operating account to pay Investor-2 approximately $271,000, purportedly as a return on investment, when in fact, that money was not a return on Investor-2's investment, but was money received by the operating account for a third-party company.

(Title 18, United States Code, Section 371.)

COUNT TWO
(Securities Fraud)

The United States Attorney further charges:

8. From at least in or about 2010 up to and including in or about 2014, in the Southern District of New York and elsewhere, JOSEPH KRIGSFIELD, the defendant, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails, and of the facilities of national securities exchanges, used and employed, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, to wit, KRIGSFIELD falsely represented to investors, including through fraudulently altered documents, that investments made through funds controlled by KRIGSFIELD were accumulating capital gains, whereas in truth and in fact KRIGSFIELD's investment of those investors' funds had either not taken place or had actually

resulted in substantial losses.

(Title 15, United States Code, Sections 78j(b) & 78ff;
Title 17, Code of Federal Regulations, Section 240.10b-5;
and Title 18, United States Code, Section 2.)

COUNT THREE
(Wire Fraud)

The United States Attorney further charges:

9. From at least in or about 2010 up to and including in or about 2014, in the Southern District of New York and elsewhere, JOSEPH KRIGSFIELD, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, KRIGSFIELD, through emails sent from New York, New York, to Europe, among other locations, falsely represented to investors, including through fraudulently altered documents, that investments made through funds controlled by KRIGSFIELD were accumulating capital gains, whereas in truth and in fact KRIGSFIELD's investment of those investors' funds had either not taken place or had actually resulted in substantial losses.

(Title 18, United States Code, Sections 1343 and 2.)

**FORFEITURE ALLEGATIONS**

10. As the result of committing the offenses alleged in Counts One, Two, and Three of this Information, JOSEPH KRIGSFIELD, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One, Two, and Three of this Information.

**Substitute Asset Provision**

11. If any of the forfeitable property described above, as a result of any act or omission of JOSEPH KRIGSFIELD, the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

>(Title 18, United States Code, Section 981;
>Title 21, United States Code, Section 853; and
>Title 28, United States Code, Section 2461.)

_____
GEOFFREY S. BERMAN
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JOSEPH KRIGSFIELD,

Defendant.

**SEALED INFORMATION**

19 Cr. \_\_ ( )

(18 U.S.C. §§ 2, 371, 1343; 15 U.S.C. §§
78j(b) & 78ff; 17 C.F.R. § 240.10b-5.)

GEOFFREY S. BERMAN
United States Attorney.